IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01468-MSK-KMT

Randall S. Asher, D.D.S., M.S.,

Plaintiff,

v.

Colgate-Palmolive Company,
a Delaware corporation;

Defendant.

## AGREED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action will involve the production of information which the producing parties or persons claim to be confidential information;

Pursuant to Rule 26(c) the Federal Rules of Civil Procedure, IT IS HEREBY AGREED by the parties through their respective counsel of record that:

1.  In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom (whether by document, by deposition testimony, by interrogatory answer, request to admit or in any Motion, pleading, affidavit, declaration, brief or other document submitted to this Court or otherwise), as "Confidential Material" under the terms of this Protective Order (hereinafter "Order"). "Confidential Material" is any so-designated document, thing, material, testimony, or other derived information that is, includes, or constitutes information which the producing party has a good faith basis for contending is a non-public highly competitive trade secret, customer or business information, or similarly highly confidential and sensitive technical, scientific, commercial, business, or financial information, or future business or marketing plans or strategy.

2. Documents, things, or other tangible materials to be designated as Confidential Material shall be designated as such by stamping on each page of the copies of the document or thing produced to a party with the legend "CONFIDENTIAL MATERIAL," or by otherwise affixing to the thing produced a label with such designation. Where only portions of a document or interrogatory answer are claimed to be Confidential Material, the producing party shall designate the parts of said materials for which Confidential Material treatment is claimed, and only those portions shall be subject to this Order. The failure of a party to designate in the first instance material as Confidential Material shall not preclude that party from subsequently designating the material as Confidential Material.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential Material by a statement by an attorney of one of the parties to that effect on the record at the deposition or other proceeding, or by written notice to the opposing party within fourteen (14) days of receipt of a transcript thereof. If such designation is made during the course of a deposition, counsel for a party or the witness may request all persons, except persons entitled to receive such information pursuant to this Order and the stenographer, to leave the room where the deposition or testimony is proceeding until completion of the answer or answers containing such Confidential Material information and the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face, and if possible, each page of the transcript with the appropriate designation and seal it in a separate envelope. The failure of a party to designate in the first instance testimony as Confidential Material shall not preclude that party from subsequently designating the testimony as Confidential Material, provided that the designation is made within the fourteen (14) day period set forth above. No

party shall disclose in any manner, testimony information, whether designated as Confidential Material or not, prior to five (5) days after receipt of the transcript thereof.  The designation of testimony as Confidential Material may be "temporary," with such designation being removed by the designating party as the circumstances may thereafter dictate.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Material, and to label such portions appropriately.

        4.        Documents, things, material, testimony, or other derived information designated as Confidential Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from such Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and not for any business or other purpose whatever, unless under legal compulsion in connection with a court case or other governmental administrative proceeding.  In such event, the party from whom production is sought will promptly advise the designating party of such legal compulsion and both parties agree to cooperate in a good faith attempt to protect such Confidential Material, be it through objections, motion to quash, protective order or otherwise.

        5.        Confidential Material under this Order, including any information contained in or derived from such confidential material, may be disclosed only to the following persons:

        a.        This Court and any court to which an appeal in this action might lie, and the "support personnel" of each such Court, as well as trial jurors;

        b.        The outside counsel of record in this action and their associate attorneys and their "support personnel" whose functions require access to such material;

      c.      Outside vendors who perform microfiching, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

      d.      Court reporters at depositions or hearings and their "support personnel" engaged in preparing transcripts of testimony or hearings for this action;

      e.      Independent experts and consultants that are retained or consulted by outside counsel of record solely for the purpose of consultation or for assistance in the preparation or prosecution of claims or defenses in this action and not a competitor of the party designating the Confidential Material, and the employees of such experts and consultants who are assisting them.  A party desiring to disclose Confidential Material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgment in the form attached hereto as Exhibit A and a current resume.  A copy of the Acknowledgment and resume shall be served upon opposing counsel with a cover letter identifying each entity for which the expert or consultant has worked in the past two years.  The opposing party shall then have five business days to serve a specific written objection to such disclosure.  If an objection is served within the five business day period, there shall be no disclosure to the expert or consultant except by agreement of the parties or order of the Court.  If no objection is served within the five business day period, objections are waived and disclosure to the expert or consultant may proceed.  If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute, the party seeking disclosure may apply to the Court for an order permitting disclosure of Confidential Material to such person, or other appropriate relief;

      f.      Any person (a) who is identified as an author or recipient, including receipt by copy, of any document or information, or (b) who has been identified by the party designating the material as Confidential as having been provided with the document or information.  Such persons shall have access only to the specific document or information authored or received.

      g.      Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.  Prior to receiving

any Confidential Material, each person in categories c and e, shall be provided with a copy of this Order.

6. Any non-party that produces information that qualifies as Confidential Material under this Order (whether by document, by deposition testimony, by interrogatory answer, or otherwise) in the course of discovery herein may designate such produced information as "CONFIDENTIAL MATERIAL" as specified in this Order and thereby obtain protection pursuant to the terms and conditions of this Order for such designated information. Neither non-parties, nor any of their representatives, shall have any right to access any material or information produced by a party or another non-party that has been designated "CONFIDENTIAL MATERIAL", without the prior written approval of the producing party or other non-party.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material legally obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. If Confidential Material, including any portion of a deposition transcript designated as Confidential Material, is included in any papers to be filed in Court, such papers shall be labeled on each page "Confidential Material - Subject to Court Order" and filed under seal until further order of this Court. Such documents shall be filed in a sealed envelope upon which shall be endorsed the style of this action, the general nature of the contents of the envelope, and the following legend: "THE MATERIALS CONTAINED IN THIS ENVELOPE ARE SUBJECT TO AN ORDER TO SEAL DATED _____ AND SHALL, EXCEPT UPON FURTHER ORDER OF THE COURT, BE MADE AVAILABLE ONLY TO COUNSEL OF

RECORD OF THE PLAINTIFF AND DEFENDANT, AND THIS COURT'S SUPPORT PERSONNEL."

9.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its Confidential Material status through such use, and the party using such Confidential Material shall preserve its confidentiality during such use. This will be governed by the rules of the Court.

10. All Confidential Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated in the manner set forth in other parts of this Order shall be designated by the producing party by informing the receiving party in writing. The failure of a party to designate in the first instance material as Confidential Material shall not preclude that party from subsequently designating the material as Confidential Material.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether the use of this Order should be restricted, (ii) to present a motion to the Court under Fed.R.Civ.P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or (iii) to bring before the Court at any time a motion to change the designation of any Confidential Material from the classification of "CONFIDENTIAL MATERIAL" to non-confidential regardless of whether the material was produced by a party or third-party. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Until the Court rules on such a motion, the documents and information in question shall be treated in accordance with this Order under the designation being challenged by the motion.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party challenging the designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. A producing party may notify the other parties that documents that should have been designated "CONFIDENTIAL MATERIAL" under the terms of this Order were inadvertently produced without being designated as such. Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice. Also within five (5) business days of receipt of such notice, the receiving party shall notify in writing all individuals who, to the best of the receiving party's attorney's knowledge or recollection, have seen, had access to, or learned the contents of, such documents, that such documents are "CONFIDENTIAL MATERIAL" and that further disclosure by them is strictly prohibited. On or before the first day of trial, or within ten (10) days after receipt of a fully executed settlement agreement or order of dismissal of this entire litigation, whichever is applicable, the receiving party shall provide the producing party with

copies of the written notifications and an accompanying list of the individuals to whom disclosure has or may have been made. No party shall be held in breach of this Order if, before receipt of such notice, any documents inadvertently produced without being designated as "CONFIDENTIAL MATERIAL" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL MATERIAL" under this order.

14. Any party's failure to challenge a designation of any document or information as "CONFIDENTIAL MATERIAL" pursuant to this Order shall be without prejudice to the right of any party to contest the substantive legal status of such designated material as trade secret or Confidential Material.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order or the production of any information or documents under the terms of this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become generally known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within twenty (20) days following the termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL MATERIAL and all copies of same, or

shall certify the destruction thereof. For the purposes of this agreement, "termination of this case" shall mean either the settlement of this lawsuit or the exhaustion of all appeals or other judicial review which may be brought by either party, including petition for writ of certiorari to the United States Supreme Court or the expiration of all time periods which would permit such appeals or judicial review.

17. In connection with any non-party document production in this action, each party shall be afforded reasonable opportunity to review those documents whose production has been called for and to designate, not less than five (5) business days after receipt of notice by fax ("Notice") from the party who obtains the non-party production, any documents or portions of such documents as "CONFIDENTIAL MATERIAL" pursuant to the applicable terms of this Order, provided that no party shall disclose in any manner, any such third party produced documents, whether designated as Confidential Material or not, prior to five (5) business days after serving said Notice on all other parties in this cause of action. Such designation shall be made either in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (e.g., by identifying the Bates numbers of the designated documents or by stamping the appropriate legend on copies of the designated documents and delivering the copies to opposing counsel).

18. Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order shall constitute a waiver of any claim or defense in the trial of this action or any other action, including, but not limited to, the claim or defense that any such information is or is not proprietary to any party or other person or that such information embodies trade secrets of any party or other person. The procedures set forth herein shall not affect the rights of the

parties or other person to object to discovery on any permissible grounds. Nor shall they relieve a party of the necessity of proper response to discovery devices.

19. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or other person with respect to any "CONFIDENTIAL MATERIAL" information or documents. The fact that information is designated "CONFIDENTIAL MATERIAL" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of the parties or otherwise permitted by the Court, the fact of such designation shall not be admissible during the trial of this action, nor shall the jury be advised of such designation, except to the extent revealed by the designations "CONFIDENTIAL MATERIAL" on Exhibits presented to the court and/or to the jury. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether such information is Confidential Material or proprietary.

20. This Protective Order shall apply to any and all copies, writings, and notes made from or derived from information or documents designated as "CONFIDENTIAL MATERIAL."

The parties agree forthwith to submit this Agreed Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Agreed Protective Order shall be effective as if approved.

Dated this 13th day of December, 2010.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge

Approved as to form:

s/
Erik G. Fischer
Erik G. Fischer, P.C.
125 S. Howes - Suite 900
Fort Collins, CO 80521
(970) 482-4710
(970) 482-4729 (Fax)
efischer@egfpclaw.com

s/
David K. Callahan
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (Fax)
david.callahan@kirkland.com

11

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01468-MSK-KMT

Randall S. Asher, D.D.S., M.S.,

Plaintiff,

v.

Colgate-Palmolive Company,
a Delaware corporation;

Defendant.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

In consideration of the disclosure to me or production by me of certain information, which is or, upon production, may be designated as subject to a Protective Order of the Court, I agree as follows:

1. I have read the Protective Order in this case and I agree to be bound by its terms.

2. I understand that if I violate the terms of the Protective Order, I may be subject to a contempt of court proceeding.

3. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Dated: _____  _____
(Signature)

_____
(Print Name)

_____

_____

_____
(Address)