IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01468–MSK–KMT

RANDALL S. ASHER, D.D.S, M.S.,

    Plaintiff,

v.

COLGATE-PALMOLIVE COMPANY, a Delaware corporation,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Itemized Accounting of Attorney's Fees and Costs Pursuant to the Court's Order Dated December 30, 2011 (Docket Entry No. 105)" filed January 18, 2012. [Doc. No. 112.] "Defendant's Opposition to Plaintiff's Itemized Accounting of Attorneys' Fees and Costs" [Doc. No. 114] was filed on January 31, 2012.

On December 30, 2011, this court issued its Order with respect to "Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37," awarding sanctions against defendant by stating

> Defendant shall pay all attorneys fees and costs incurred by Plaintiff in investigating and bringing forth the issue of Defendant's incorrect response to Interrogatory No. 8, including the drafting of court pleadings and review of discovery as well as appearing in Court to argue the motion and prepare the supplemental response. Further Defendant shall bear the costs of Plaintiff's filing of an itemized accounting of the attorney's fees and other costs as awarded herein.

("Order") [Doc. No. 105] at 12.

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

The plaintiff submitted no Affidavit regarding his qualifications and justification of his hourly rate of billing or that of his co-counsel. While an affidavit is the preferred method of proceeding, the court did not specifically direct counsel to file his accounting in any particular form, nor did it require the Plaintiff to submit actual billing records.

It is clear from the accounting that both Mr. Fischer and Mr. Cochran are claiming a billable hourly rate of $350.00. Given the court's experience in other civil sanction matters, $350.00 per hour is on the high side of billing rates for attorneys in Colorado, especially in light of the lack of evidence to substantiate a higher fee by reason of expertise or experience. This court, therefore, will find that a billing rate of $250.00 per hour is a reasonable prevailing market rate for the award of fees in this case.

Apparently interpreting the court's "investigating" language exuberantly, the Plaintiff submitted an accounting requesting $14,728.20 in attorney fees and costs, including costs and time incurred to pursue out of state depositions. In connection with the taking of depositions and other discovery in the case, however, the court specifically ruled that Defendant's conduct did not cause the Plaintiff any harm with respect to his discovery pursuits. (Order at 9 - 10.) The evidence before the court is that Plaintiff discovered the violation at issue when he received the expert report of Dr. Putt containing the now infamous "Report Table," not as a result of Plaintiff's active investigation through deposition. Therefore, the court agrees with Defendant that claims for attorney fees and all of the costs claimed by Plaintiff for the period July 20, 2011 to July 22, 2011 were not intended to be a part of the court's award of sanctions against the Defendant and are, by consequence, 'unreasonable.' The court will, therefore, exclude all requests for fees and costs prior to October 21, 2011.

The court finds that all the hours submitted as attorney fees including and subsequent to October 21, 2011 were necessarily expended and appropriate and were incurred as a direct result of Defendant's failure as noted in the Order.[1] At a prevailing market rate of $250.00 per hour, the total award as sanctions against Defendant and in favor of Plaintiff is, therefore, $4,287.50.

It is **ORDERED**

Pursuant to the December 30, 2011 Order of this court [Doc. No. 105], the Plaintiff is awarded the total sum of $4,287.50 as sanctions against the Defendant.

---

[1] The Plaintiff did not claim fees for the time spent preparing the Itemized Accounting and therefore no amount will be awarded in connection therewith.

The Defendant shall render payment in full of the sanction amount jointly to Plaintiff and his counsel, Eric G. Fischer, within 15 days of this Order.

Dated this 3d day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge