IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01468–MSK–KMT

RANDALL S. ASHER, D.D.S, M.S.,

    Plaintiff,

v.

COLGATE-PALMOLIVE COMPANY, a Delaware corporation,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiff's Motion for Leave to Amend Complaint." (Doc. No. 118, filed Feb. 27, 2012 [Mot.].) "Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint" was filed on March 19, 2012 (Doc. No. 120 [Resp.]) and "Plaintiff's Reply in Support of His Motion for Leave to Amend Complaint" was filed on March 28, 2012 (Doc. No. 124 [Reply]). For the following reasons, the court recommends that Plaintiff's Motion be DENIED.

    In his Original Complaint (Doc. No. 1, filed June 22, 2010), Plaintiff alleges that Defendant manufactured, distributed, marketed, and sold its "Max White Toothbrush" in violation of a patent licensed to Plaintiff—specifically, Patent No. US 5,735,011. In his Motion,

Plaintiff seeks to amend his Complaint to allege that Defendant has produced and marketed nine additional toothbrushes that also infringe upon the same patent. (*See* Mot.)

## LEGAL STANDARD

At the outset, the court notes that both parties contend that Federal Rule of Civil Procedure 15(a) governs the propriety of Plaintiff's proposed amendments. However, the court finds that this standard is applicable to some, but not all, of Plaintiff's proposed amendments. More specifically, on the one hand, Defendant avers that five of the nine toothbrushes[1] forming the basis Plaintiff's proposed amendments were widely available for purchase by the public two or more years before Plaintiff filed this action. (Resp. at 9, 13-14.) Plaintiff's proposed amendments as to these toothbrushes are indeed governing by Rule 15(a). However, it is undisputed that the remaining four toothbrushes[2] (hereinafter the "Post-Suit Toothbrushes") were released after this lawsuit was commenced in June 2010. (*Id.* at 9.) Plaintiff's proposed amendments as to these Post-Suit Toothbrushes are instead governed by Rule 15(d). *See* Fed. R. Civ. P. 15(d) ("the court may, on just terms, permit a party to serve a supplemental pleading

---

[1] Specifically, these toothbrushes are the (1) "Colgate 360" brand, "Soft"; (2) "Colgate 360" brand, "Medium"; (3) "Colgate 360 Sensitive" brand, "Extra Soft" (4) "Colgate 360 Sonic Power" brand, "Soft"; and (5) "Colgate 360 Sonic Power" brand, "Medium" toothbrushes (hereinafter "the Pre-Suit Toothbrushes") (Resp. at 9.)

[2] Specifically, these toothbrushes include the (1) "Colgate 360 Surround" brand, "Soft"; (2) "Colgate 360 Surround" brand, "Medium"; (3) "Colgate 360 Optic White" brand, "Soft"; and (4) "Colgate 360 Pro Relief" brand, "Extra Soft." (Resp. at 9.)

setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented.")[3]

### A. *Fed. R. Civ. P. 15(a) – Leave to Amend the Pleadings*

Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant

---

[3] The court further notes, that despite the fact that Plaintiff's Motion was filed more than fifteen months after the Scheduling Order's deadline to amend the pleadings, neither party has argued that Fed. R. Civ. P. 16(b) is relevant to the court's inquiry. Rather, the parties focus extensively on whether Plaintiff's proposed amendments are unduly delayed under Rule 15(a). Although the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirements," *Strope v. Collins*, 315 F. App'x 57, 62 n. 4 (10th Cir.2009) (internal quotations omitted), it is the general practice in this district to conduct a Rule 16(b) "good cause" analysis under such circumstances. *See, e.g., Myers v. Hummel,* 11-cv-400-KMT-KLM, 2012 WL 1020519, at *2 n.1 (D. Colo. Mar. 26, 2012). Generally, "good cause" under Rule 16(b) "requires the moving party to show that it has been diligent in attempting to meet the [scheduling order] deadlines." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Nevertheless, "given the rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15," the court finds that the outcome of Plaintiff's Motion would be unaffected by a Rule 16(b) analysis. *Id.* Therefore, the court does not raise this issue on its own accord.

> or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

### B.   *Fed. R. Civ. P. 15(d) – Supplemental Pleadings*

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Leave to serve a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendant[]."  *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989) *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010).  "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."  *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (citing *First Savings Bank v. U.S. Bancorp,* 184 F.R.D. 363, 368 (D. Kan. 1998)).  Altogether, motions to supplement are "'addressed to the sound discretion of the trial court.'" *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Gillihan,* 872 F.2d 935, 941 (10th Cir. 1989)).

## ANALYSIS

Plaintiff's Motion was filed more than fifteen months after the Scheduling Order's deadline for amending the pleadings, eight months after the fact discovery cut-off, four months after the expert discovery cut-off, and three-and-a-half months after the dispositive motions deadline. Because it was filed at this late date, the parties primarily dispute whether Plaintiff's Motion is unduly delayed and whether Defendant would be unduly prejudiced if Plaintiff's additional allegations were permitted.

The court first addresses whether Plaintiff's proposed amendments as to the Pre-Suit Toothbrushes are permissible under Rule 15(a). The court will then evaluate whether Plaintiff's supplemental allegations as to the Post-Suit Toothbrushes are permissible under Rule 15(d).

### A. *Pre-Suit Toothbrushes*

As discussed above, Defendants argue that Plaintiff's proposed amendments are unduly delayed.[4] A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque,* 299 F.3d 1186, 1197 (10th Cir. 2002). The proper inquiry is not simply whether moving party has delayed, but whether such delay is undue. *Minter,* 451 F.3d at 1206. While "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action . . . [a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because

---

[4] Defendant also argues that allowing Plaintiff's proposed amendments relating to the Pre-Suit Toothbrushes would be unduly prejudicial. However, because undue delay is a sufficient ground for denying leave to amend, *see Frank v. U.S. West, infra,* the court does not address this argument.

of the passage of time." *Id.*  "[T]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (internal quotations and citations omitted).

"[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank v. U.S. West,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)).  Notably, in this circuit, "untimeliness alone is a sufficient reason to deny leave to amend." *Frank,* 3 F.3d at 1365-66; *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.")

Plaintiff asserts that on October 12, 2011, Defendant's counsel sent a letter to Plaintiff's counsel stating that Plaintiff is only entitled to damages arising after June 22, 2010.  (Mot. at 3-4.)  In response to that letter, Plaintiff "began to examine additional toothbrushes produced by Colgate and then discovered that the new toothbrushes that infringe on his patent were being produced." (*Id.*)  However, "[r]ather than precipitously amending his complaint, Dr. Asher advised his counsel to undertake a laboratory analysis of the new toothbrushes, and in November 2011, Plaintiff's counsel submitted these toothbrushes for analysis." (*Id.* at 4.)  Plaintiff maintains that this laboratory analysis was only "recently completed," and that Plaintiff's counsel subsequently completed an infringement analysis on February 23, 2012, two business days prior to when Plaintiff's Motion was filed. (*Id.*)  Plaintiff maintains that this constitutes an adequate explanation for his delay in seeking leave to amend his Complaint.

6

Defendant does not dispute this timeline *per se,* nor that it reasonably took from November 2011 to February 23, 2012 to conduct a laboratory and infringement analysis of the additional toothbrushes identified by Plaintiff. Instead, Defendant argues that Plaintiff's proposed amendments are unduly delayed because Plaintiff has offered no explanation for the delay that occurred *prior* to his mid-October 2011 decision to examine Defendant's additional toothbrushes. (Resp. at 4.) More specifically, Defendant asserts that each of the Pre-Suit Toothbrushes were widely available for purchase by the public two or more years before Plaintiff commenced this suit (*id.* at 13) and points out that Plaintiff has failed to provide any adequate explanation for why he waited more than three years before initiation a laboratory and infringement analysis of these toothbrushes.

The court finds that Plaintiff's proposed amendments as to Pre-Suit Toothbrushes present an obvious case of undue delay. Plaintiff does not dispute that the Pre-Suit Toothbrushes were widely available at pharmacies, grocery stores, and other retail outlets for a few dollars well before he filed his original Complaint. (*See* Resp. at 9.) Nevertheless, Plaintiff has utterly failed to explain why he was unable to submit these toothbrushes for laboratory analysis—as he presumably did with the "Max White Toothbrush"—prior to initiating this lawsuit, much less prior to the deadlines for amending the pleadings, expert disclosures, discovery, and dispositive motions. *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); *Reiffin v. Microsoft Corp.,* 270 F. Supp. 2d 1132, 1162

(N.D. Cal. 2003) (finding a "compelling" case of undue delay based, in part, on the fact that the products subject to the plaintiff's proposed amendments were released, and widely publicized, well before the time the plaintiff moved to amend his complaint). Because Plaintiff has not proffered any explanation for this palpable delay—let alone an adequate one—the court finds that Plaintiff's proposed amendments as to the Pre-Suit Toothbrushes are properly rejected as unduly delayed.

### B.     *The Post-Suit Toothbrushes*

As discussed above, Plaintiff's proposed supplemental allegations as to the Post-Suit Toothbrushes are properly analyzed under Rule 15(d), rather than Rule 15(a).[5] As with the Pre-Suit Toothbrushes, Defendant argues that Plaintiff's supplemental allegations relating to the Post-Suit Toothbrushes are unduly delayed and prejudicial. However, it is much less clear that Plaintiff unduly delayed his proposed amendments relating to the Post-Suit Toothbrushes. Unlike the Pre-Suit Toothbrushes, the Post-Suit Toothbrushes were not publically available until after this lawsuit was filed—indeed, the oldest of the Post-Suit Toothbrushes were not launched until at least several months after the Scheduling Order's November 18, 2010 deadline for amending the pleadings. However, the court find that allowing Plaintiff to supplement his

---

[5] To be sure, this is largely a distinction without a difference, as "[t]he court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Southwest Nurseries,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003). However, the court finds it appropriate to draw this distinction, as the primary case relied upon by the court to deny Plaintiff's proposed supplemental allegations, *Walker v. United Parcel Servs., Inc., infra,* is premised on Rule 15(d).

Complaint with allegations regarding the Post-Suit Toothbrushes would be unduly prejudicial; accordingly it need not ultimately resolve whether these allegations are also unduly delayed.

Prejudice is the most important factor in resolving a motion to amend the pleadings. *Minter*, 451 F.3d at 1207.  Prejudice "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).

A district court does not abuse its discretion where it denies a late-game motion for leave to supplement the complaint. *Walker v. United Parcel Servs., Inc.,* 240 F.3d 1268, 1279 (10th Cir. 2001).  In *Walker,* at a pretrial conference, the plaintiff sought to add an additional claim by supplemental pleading based on events that occurred only twelve days earlier.  *Id.* at 1271.  The district court concluded that the defendant would be unduly prejudiced if leave to supplement were granted.  *Id.* at 1278.  The Tenth Circuit affirmed that conclusion based on the fact that, at the time Plaintiff moved to supplement, "[d]iscovery was closed, [the defendant] was ready for trial or for the alternative of summary judgment, and it had in fact moved for summary judgment on all of [the plaintiff's] claims."  *Id.*  The court further noted that the proposed new claim would have "required additional discovery and precluded the entry of a final judgment order when the original claims had been resolved via summary judgment."  *Id.*

Here, Plaintiff has moved to supplement just as late in the day as the *Walker* plaintiff. Plaintiff's Motion comes over eight months after fact discovery was completed, over four months after expert discovery was completed, three months after the dispositive motions

deadline, and a month after summary judgment briefing was completed. Furthermore, the parties completed extensive claim construction briefing in April 2011. Throughout that entire time, the parties proceeded with only one product at issue in this case—Defendant's "Max White Toothbrush." Much like in *Walker,* adding four additional accused products at this late stage would undoubtedly require at least some additional fact and expert discovery, new summary judgment briefing, and potentially new claim construction briefing, which would significantly prejudice Defendant.

To be sure, most often undue prejudice occurs when the additional claims "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter,* 415 F.3d at 1208 (citations omitted). In light of Defendants' concession that both the Pre- and Post-Suit Toothbrushes are "essentially identical" to the "Max White Toothbrush" (Resp. at 9), Plaintiff may be correct that his supplemental allegations will not raise significant new factual issues or substantially change the thrust of this case.

Nevertheless, the court is further persuaded that denying Plaintiff leave to supplement is appropriate in this case because Plaintiff would likely be permitted to bring these claims in a new lawsuit, and therefore would ultimately have an avenue to pursue these claims. "It is well settled that claim preclusion does not apply to claims that did not arise until *after* the first suit was filed." *Baker Group v. Burlington N. & Santa Fe Ry. Co.,* 228 F.3d 883, 886 (8th Cir. 2000) (emphasis in original); *see also Fla. Power & Light Co. v. United States,* 198 F.3d 1358, 1360-61 (Fed. Cir. 1999) (citing cases). Accordingly, the fact that Plaintiff is likely not foreclosed from raising his supplemental claims in a separate case further militates against derailing this

case off its trial-ready track. Accordingly, the court finds that Plaintiff's supplemental allegations with respect to the Post-Suit Toothbrushes are properly rejected as unduly prejudicial.

Therefore, for the foregoing reasons, the court respectfully

RECOMMENDS that

"Plaintiff's Motion for Leave to Amend Complaint" (Doc. No. 118) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

11

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of June, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge